## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

KIDDIE RANCH II LLC,
and
MARILYN MAY SLONIKER,
AS TRUSTEE OF THE
MARILYN MAY SLONIKER LIVING TRUST,

|  |  |
|---|---|
| Plaintiff, | ) )  ) |
| v. | ) ) Case No. _26-cv-171-wmc_ |
| EDUCATORS CREDIT UNION, | ) ) |
| Defendant. | ) ) |

### VERIFIED COMPLAINT
### TO QUIET TITLE, FOR DECLARATORY RELIEF, AND CANCELLATION OF INSTRUMENTS

### I. PARTIES

1. Plaintiff Kiddie Ranch II LLC is a Wisconsin limited liability company that purchased, occupied, and operated a licensed daycare business at the real property commonly known as 1702 House Street, Beloit, Wisconsin, beginning in February 2019, and has held legal, equitable, and possessory interests in the property.

2. Plaintiff Marilyn May Sloniker, as Trustee of the Marilyn May Sloniker Living Trust ("Trust"), holds record legal title to the Subject Property by Quit Claim Deed dated February 26, 2024, recorded March 6, 2024 in the Rock County Register of Deeds as Document No. 2257905.

3. Defendant Educators Credit Union ("ECU") is a Wisconsin credit union that claims an adverse estate or interest in the Subject Property as alleged mortgagee/foreclosure plaintiff and through proceedings in Rock County Case No. 2023CV001067.

### II. JURISDICTION AND VENUE

4. This is an action to determine adverse claims to real property and to quiet title pursuant to Wis. Stat. § 841.01, and for declaratory relief pursuant to Wis. Stat. § 806.04, and for related equitable and legal relief.

5. Venue is proper in Rock County because the Subject Property is located in Rock County, Wisconsin.

### III. SUBJECT PROPERTY (FULL LEGAL DESCRIPTION)

6. The real property that is the subject of this action is located in the City of Beloit, Rock County, Wisconsin, and is legally described as follows:
Lots 17 and 32, Park View, City of Beloit, County of Rock, State of Wisconsin.
Tax Parcel ID: 206-12720230
Common Address: 1702 House Street, Beloit, WI 53511
("Subject Property").

### IV. PLAINTIFFS' TITLE AND CHAIN OF TITLE

7. Plaintiffs hold and claim fee simple title to the Subject Property through the Trust, and lawful possession and operating interest through Kiddie Ranch II LLC.

8. The Subject Property was purchased in February 2019 for use as a commercial daycare facility and has been continuously used for that purpose by Kiddie Ranch II LLC.

9. Title to the Subject Property was conveyed by Quit Claim Deed from Kiddie Ranch II LLC, as Grantor, to Marilyn May Sloniker, as Trustee of the Marilyn May Sloniker Living Trust, dated February 26, 2024, recorded March 6, 2024, as Document No. 2257905.

10. The deed conveyed all right, title, and interest in the Subject Property in fee simple and is of record.

11. Plaintiffs' title is valid, duly recorded, and superior to any interest claimed by Defendant except as Defendant purports to claim an interest through the challenged foreclosure proceedings and any instruments derived therefrom.

### V. DEFENDANT'S CLAIMED ADVERSE INTEREST / CLOUD ON TITLE

12. Defendant claims an adverse interest in the Subject Property based upon:
a. an alleged mortgage lien;
b. a foreclosure judgment entered in Rock County Case No. 2023CV001067; and
c. any purported sheriff's sale and any sheriff's deed, certificate of sale, or related instruments derived therefrom.

13. Defendant's claimed interest constitutes a present cloud on Plaintiffs' title and interferes with Plaintiffs' rights of ownership and possession.

### VI. FORECLOSURE PROCEEDINGS AND LACK OF ENFORCEMENT AUTHORITY

14. In Case No. 2023CV001067, Defendant alleged that it was entitled to foreclose the Subject Property as the party entitled to enforce a promissory note secured by a mortgage.

15. Under Wisconsin law, only a "person entitled to enforce" a negotiable instrument, as defined by Wis. Stat. § 403.301, may foreclose a mortgage securing that instrument.

16. Defendant failed to establish that it was a person entitled to enforce the note, including by failing to demonstrate:
a. lawful possession of the note as holder;
b. non-holder possession with rights of a holder; or
c. compliance with statutory requirements governing enforcement of a lost, destroyed, or missing instrument.

17. Defendant relied on copies, affidavits, and conclusory assertions that were insufficient to establish enforcement authority under Wisconsin's Uniform Commercial Code.

18. In the foreclosure action, Defendant relied on copies of the promissory note and contested/defective assignment evidence, and Plaintiffs dispute that Defendant established a complete chain of enforceable rights at the time the foreclosure was commenced.

## VII. ASSIGNMENT / TRANSFER DEFECTS AFFECTING DEFENDANT'S CLAIMED INTEREST

19. Upon information and belief, the promissory note and mortgage encumbering the Subject Property were transferred, assigned, pledged, or otherwise conveyed through one or more secondary-market transactions and/or transfers.

20. Defendant has failed to demonstrate a complete, continuous, and unbroken chain of transfers establishing that it was entitled to enforce the promissory note at the time foreclosure was commenced.

21. The assignments and documents relied upon by Defendant are alleged to be incomplete, inconsistent, executed out of sequence, and/or created after the alleged transfer of enforcement rights.

22. These defects create uncertainty as to the true party entitled to enforce the debt and foreclose upon the Subject Property under Wisconsin law.

23. Defendant's claimed mortgage interest is therefore unenforceable as against Plaintiffs, and any foreclosure-derived instruments cloud Plaintiffs' title.

## VIII. EFFECT OF FORECLOSURE JUDGMENT AND SALE

24. A judgment of foreclosure and a sheriff's sale were entered in Case No. 2023CV001067.

25. Plaintiffs allege that the foreclosure judgment and any instruments derived therefrom are void as to Plaintiffs' title interests, or alternatively voidable and ineffective to convey superior title as against Plaintiffs' recorded interests.

26. In the alternative, even if the foreclosure judgment itself is not reopened, Defendant's current claimed interest fails independently and cannot defeat Plaintiffs' superior recorded title.

## COUNT I — QUIET TITLE (Wis. Stat. § 841.01)

27. Plaintiffs reallege paragraphs 1–26.

28. Defendant claims an adverse estate or interest in the Subject Property.

29. Plaintiffs deny the validity of Defendant's claimed interest.

30. Plaintiffs are entitled to a judgment determining all adverse claims and quieting title in Plaintiffs, free and clear of Defendant's claims.

## COUNT II — DECLARATORY RELIEF (Wis. Stat. § 806.04)

31. Plaintiffs reallege paragraphs 1–30.

32. An actual controversy exists regarding Defendant's claimed interest.

33. Plaintiffs seek declarations that Defendant's adverse claims are invalid or unenforceable and that any foreclosure-derived instruments constitute a cloud on Plaintiffs' title.

## COUNT III — CANCELLATION OF INSTRUMENTS

34. Plaintiffs reallege paragraphs 1–33.

35. Plaintiffs seek cancellation or judicial nullification of any mortgage, sheriff's deed, certificate of sale, or foreclosure-related instrument that clouds title to the Subject Property.

## COUNT IV — UNLAWFUL SELF-HELP, TRESPASS, AND CONVERSION (DAMAGES + INJUNCTIVE RELIEF)

36. Defendant has repeatedly changed locks and denied Plaintiffs access to the Subject Property and/or interfered with Plaintiffs' possession without lawful authority, writ of assistance, or sheriff-executed possession order.

37. Plaintiffs are record title holders through the Trust, recorded as Document No. 2257905, and Kiddie Ranch II LLC holds lawful possessory and business interests in the premises.

38. Defendant's lockouts and interference disrupted daycare operations and prevented access to business equipment, records, furnishings, and personal property located inside the premises.

39. Defendant's conduct constitutes unlawful self-help and interference with possessory rights and supports claims for trespass to real property and conversion of personal/business property to the extent property was wrongfully withheld.

40. Plaintiffs have suffered damages, including business interruption, loss of income, loss of goodwill, and deprivation of property, in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

A. Quiet title to the Subject Property in favor of Plaintiffs;

B. Declare Defendant's adverse claims invalid or unenforceable;

C. Cancel all instruments that cloud Plaintiffs' title;

D. Issue injunctive relief preventing further lockouts/interference with possession while this action is pending;

E. Award costs and disbursements;

F. Award damages for unlawful self-help, trespass, and conversion in an amount to be proven at trial; and

G. Grant such other relief as the Court deems just and equitable.

## VERIFICATION

We declare under penalty of perjury that the foregoing is true and correct.

Dated: 2/24/26

Marilyn May Sloniker, Trustee
Marilyn May Sloniker Living Trust
Plaintiff / Authorized Representative
Kiddie Ranch II LLC